_____ FILED       _____ ENTERED
_____ LODGED      _____ RECEIVED

**MAY 3 0 2025**

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                                    DEPUTY

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DANGELO ROBERTS,<br><br>Defendant. | NO. CR24-122-JNW<br><br>**PLEA AGREEMENT** |

The United States, through Acting United States Attorney Teal Luthy Miller and Special Assistant United States Attorney Jessica M. Ly of the Western District of Washington, and DANGELO ROBERTS and ROBERTS's attorney Jesse Cantor enter into the following Plea Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B).

1.      **The Charges.** Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to each of the following charges contained in the Indictment.

a.      Conspiracy to Commit Bank Fraud, as charged in Count 1, in violation of Title 18, United States Code, Sections 1344 and 1349.

1           b.       Aggravated Identity Theft, as charged in Count 11, in violation of

2 Title 18, United States Code, Section 1028A(a)(1).

3         By entering these pleas of guilty, Defendant hereby waives all objections to the

4 form of the charging document. Defendant further understands that before entering any

5 guilty plea, Defendant will be placed under oath. Any statement given by Defendant

6 under oath may be used by the United States in a prosecution for perjury or false

7 statement.

8         2.       **Elements of the Offenses.** The elements of the offenses to which

9 Defendant is pleading guilty are as follows:

10           a.       The elements of Conspiracy to Commit Bank Fraud, as charged in

11 Count 1, are as follows:

12         *First*, two or more persons, in some way or manner, agreed to try to

13 accomplish a common and unlawful plan to commit Bank Fraud, as charged in the

14 indictment; and

15         *Second*, the defendant knew the unlawful purpose of the plan and willfully

16 joined in it.

17           b.       The elements of Bank Fraud (the object of the conspiracy) are as

18 follows:

19         *First*, the defendant knowingly carried out a scheme or plan to obtain

20 money or property from the financial institution by making false statements or

21 promises;

22         *Second*, the defendant knew that the statements or promises were false;

23         *Third*, the statements or promises were material; that is, they had a natural

24 tendency to influence, or were capable of influencing, a financial institution to part

25 with money or property;

26         *Fourth*, the defendant acted with the intent to defraud; and

27         *Fifth*, the financial institution was federally chartered or insured.

Plea Agreement - 2
*United States v. Dangelo Roberts*, CR24-122-JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1         c.     The elements of Aggravated Identity Theft, as charged in Count 11,

2 are as follows:

3       *First*, the defendant knowingly transferred, possessed, or used without legal

4 authority a means of identification of another person;

5       *Second*, the defendant knew that the means of identification belonged to a

6 real person.

7       *Third*, the defendant did so during and in relation to a felony violation

8 enumerated in 18 U.S.C. § 1028A(c), here, Conspiracy to Commit Bank Fraud in

9 violation of 18 U.S.C. § 1349.

10     3.    **The Penalties.** Defendant understands that the statutory penalties

11 applicable to the offenses to which Defendant is pleading guilty are as follows:

12         a.     For the offense of Conspiracy to Commit Bank Fraud, as charged in

13 Count 1: A maximum term of imprisonment of up to 30 years, a fine of up to

14 $1,000,000.00, a period of supervision following release from prison of up to 5

15 years, and a mandatory special assessment of $100.00 dollars.

16         b.     For the offense of Aggravated Identity Theft, as charged in Count

17 11: A mandatory minimum term of imprisonment of 2 years, to be served

18 consecutively to all other sentences; a fine of up to $250,000.00, a period of

19 supervision following release from prison of up to 1 year, and a mandatory special

20 assessment of $100.00 dollars.

21     Defendant understands that supervised release is a period of time following

22 imprisonment during which Defendant will be subject to certain restrictive conditions and

23 requirements. Defendant further understands that, if supervised release is imposed and

24 Defendant violates one or more of the conditions or requirements, Defendant could be

25 returned to prison for all or part of the term of supervised release that was originally

26 imposed. This could result in Defendant serving a total term of imprisonment greater than

27 the statutory maximum stated above.

Plea Agreement - 3
*United States v. Dangelo Roberts*, CR24-122-JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1       Defendant understands that as a part of any sentence, in addition to any term of

2 imprisonment and/or fine that is imposed, the Court may order Defendant to pay

3 restitution to any victim of the offense, as required by law.

4       Defendant further understands that the consequences of pleading guilty may

5 include the forfeiture of certain property, either as a part of the sentence imposed by the

6 Court, or as a result of civil judicial or administrative process.

7       Defendant agrees that any monetary penalty the Court imposes, including the

8 special assessment, fine, costs, or restitution, is due and payable immediately and further

9 agrees to submit a completed Financial Disclosure Statement as requested by the United

10 States Attorney's Office.

11       Defendant understands that, if pleading guilty to a felony drug offense, Defendant

12 will become ineligible for certain food stamp and Social Security benefits as directed by

13 Title 21, United States Code, Section 862a.

14       4.     **Immigration Consequences.** Defendant recognizes that pleading guilty

15 may have consequences with respect to Defendant's immigration status if Defendant is

16 not a citizen of the United States. Under federal law, a broad range of crimes are grounds

17 for removal, and some offenses make removal from the United States presumptively

18 mandatory. Removal and other immigration consequences are the subject of a separate

19 proceeding, and Defendant understands that no one, including Defendant's attorney and

20 the Court, can predict with certainty the effect of a guilty plea on immigration status.

21 Defendant nevertheless affirms that Defendant wants to plead guilty regardless of any

22 immigration consequences that Defendant's guilty pleas may entail, even if the

23 consequence is Defendant's mandatory removal from the United States.

24       5.     **Rights Waived by Pleading Guilty.** Defendant understands that by

25 pleading guilty, Defendant knowingly and voluntarily waives the following rights:

26       a.     The right to plead not guilty and to persist in a plea of not guilty;

27

Plea Agreement - 4
*United States v. Dangelo Roberts*, CR24-122-JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1         b.      The right to a speedy and public trial before a jury of Defendant's

2 peers;

3         c.      The right to the effective assistance of counsel at trial, including, if

4 Defendant could not afford an attorney, the right to have the Court appoint one for

5 Defendant;

6         d.      The right to be presumed innocent until guilt has been established

7 beyond a reasonable doubt at trial;

8         e.      The right to confront and cross-examine witnesses against Defendant

9 at trial;

10         f.      The right to compel or subpoena witnesses to appear on Defendant's

11 behalf at trial;

12         g.      The right to testify or to remain silent at trial, at which trial such

13 silence could not be used against Defendant; and

14         h.      The right to appeal a finding of guilt or any pretrial rulings.

15     6.     **United States Sentencing Guidelines.** Defendant understands and

16 acknowledges that the Court must consider the sentencing range calculated under the

17 United States Sentencing Guidelines and possible departures under the Sentencing

18 Guidelines together with the other factors set forth in Title 18, United States Code,

19 Section 3553(a), including: (1) the nature and circumstances of the offenses; (2) the

20 history and characteristics of Defendant; (3) the need for the sentence to reflect the

21 seriousness of the offenses, to promote respect for the law, and to provide just

22 punishment for the offenses; (4) the need for the sentence to afford adequate deterrence to

23 criminal conduct; (5) the need for the sentence to protect the public from further crimes

24 of Defendant; (6) the need to provide Defendant with educational and vocational training,

25 medical care, or other correctional treatment in the most effective manner; (7) the kinds

26 of sentences available; (8) the need to provide restitution to victims; and (9) the need to

27

Plea Agreement - 5
*United States v. Dangelo Roberts*, CR24-122-JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  avoid unwarranted sentence disparity among defendants involved in similar conduct who

2  have similar records. Accordingly, Defendant understands and acknowledges that:

3          a.     The Court will determine Defendant's Sentencing Guidelines range

4  at the time of sentencing;

5          b.     After consideration of the Sentencing Guidelines and the factors in

6  18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the

7  maximum term authorized by law;

8          c.     The Court is not bound by any recommendation regarding the

9  sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines

10  range offered by the parties or the United States Probation Department, or by any

11  stipulations or agreements between the parties in this Plea Agreement; and

12          d.     Defendant may not withdraw a guilty plea solely because of the

13  sentence imposed by the Court.

14      7.     **Ultimate Sentence.** Defendant acknowledges that no one has promised or

15  guaranteed what sentence the Court will impose.

16      8.     **Statement of Facts.** Defendant admits Defendant is guilty of the charged

17  offenses. The parties agree on the following facts:

18          a.     At all relevant times, the Victim Credit Union ("VCU") met the

19  definition of a financial institution under Title 18, United States Code, Section 20,

20  because it was an insured depository institution with deposits insured by the

21  National Credit Union Share Insurance Fund.

22          b.     In or around the summer of 2022, ROBERTS's Instagram and

23  Facebook posts and/or internal messages: (i) contained instructions on how to

24  conduct account takeovers at financial institutions; (ii) demonstrated his ability to

25  create or otherwise obtain fake identification cards; and (iii) recruited others to

26  join him in committing fraud at financial institutions, including the VCU.  Posts

27  on ROBERTS's Instagram and Facebook accounts contained images showing

ATM receipts, cashier's check receipts, and/or debit cards from accounts not owned by ROBERTS, in addition to images of large amounts of cash. At least some of these Instagram posts were publicly accessible.

c.      Co-defendants Kohrey Lee Bridges, Anthony McQueen, and Meghan Frazier were associates of ROBERTS.

d.      In or around the summer of 2022, ROBERTS agreed with Bridges, McQueen, Frazier, and other co-conspirators that ROBERTS would supply them with personally identifiable information ("PII"), fake identification cards, and/or financial instruments in order for the co-conspirators to impersonate VCU members and commit fraud on and using their accounts. At the time of their agreements, ROBERTS understood that the VCU members' PII and account information had been (or would be) unlawfully obtained by an employee of the VCU at the time. ROBERTS admits that he knowingly and willfully joined in this conspiracy to commit bank fraud.

e.      Beginning in or about May 2022 and continuing through in or about October 2022, within the Western District of Washington, ROBERTS, Bridges, McQueen, Frazier, and other co-conspirators knowingly carried out a scheme or plan to obtain money from the VCU by making false statements or promises as to material matters. Using PII originating from an employee at the time of the VCU (Aneicia Ford), other co-conspirators (including Bridges, McQueen, and Frazier, among others) impersonated individual victims who maintained accounts at the VCU and falsely authenticated (or attempted to authenticate) their access to those accounts. ROBERTS admits that he disseminated the PII originating from Ford to other co-conspirators (including Bridges, McQueen, and Frazier, among others). At all relevant times, ROBERTS, Bridges, McQueen, Frazier, and other co-conspirators acted with the intent to defraud by falsely representing to the VCU that they were authorized to access funds or credits in the individual victims'

accounts, when ROBERTS, Bridges, McQueen, Frazier, and other co-conspirators knew they lacked any such authorization.

   f.  In particular, on or about August 16, 2022, ROBERTS knowingly possessed and transferred without legal authority a means of identification of VCU member T.L. (T.L.'s name) in the form of a fake Oregon driver's license in T.L.'s name with a photo of Bridges on it. ROBERTS admits that he gave a physical copy of this fake identification card to Bridges, and that ROBERTS also posted a photo of the card on ROBERTS's Instagram account. On or about August 16, 2022, Bridges used this fake identification card at a VCU branch in Puyallup to take over T.L.'s account, and Bridges subsequently conducted unauthorized transactions on and using that account. ROBERTS knew that this means of identification (T.L.'s name) belonged to a real person. ROBERTS admits that his unlawful possession and transfer of T.L.'s means of identification (T.L.'s name) were committed during and in relation to the conspiracy to commit bank fraud.

   g.  ROBERTS expected to receive, and did receive, payment for his participation in the conspiracy and fraudulent scheme.

   h.  ROBERTS admits that he supplied co-conspirators with PII and account information for at least 10 VCU members' accounts between July 2022 and October 2022, which the co-conspirators successfully used to fraudulently access those accounts. ROBERTS further admits that his role in the offense resulted in the participants of the conspiracy obtaining at least $146,068.91 as proceeds of the conspiracy and fraudulent scheme.

  The parties agree that the Court may consider additional facts contained in the Presentence Report (subject to standard objections by the parties) and/or that may be presented by the United States or Defendant at the time of sentencing, and that the factual statement contained herein is not intended to limit the facts that the parties may present to the Court at the time of sentencing.

Plea Agreement - 8
*United States v. Dangelo Roberts*, CR24-122-JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    9.    **Sentencing Factors.** The parties agree that the following Sentencing

2    Guidelines provisions apply to this case:

3          a.    The base offense level is seven, under USSG § 2B1.1(a)(1).

4          b.    A two-level increase under USSG § 2B1.1(b)(2)(A)(i) because the

5    offense involved 10 or more victims.

6          The parties agree they are free to present arguments regarding the applicability of

7    all other provisions of the United States Sentencing Guidelines, including the applicable

8    loss amount under USSG § 2B1.1(b)(1) and the Aggravating Role adjustment under

9    USSG § 3B1.1(a). Defendant understands, however, that at the time of sentencing, the

10   Court is free to reject these stipulated adjustments, and is further free to apply additional

11   downward or upward adjustments in determining Defendant's Sentencing Guidelines

12   range.

13          10.    **Acceptance of Responsibility.** At sentencing, if the Court concludes

14   Defendant qualifies for a downward adjustment for acceptance of responsibility pursuant

15   to USSG § 3E1.1(a) and Defendant's offense level is 16 or greater, the United States will

16   make the motion necessary to permit the Court to decrease the total offense level by three

17   levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the United

18   States by timely notifying the United States of Defendant's intention to plead guilty,

19   thereby permitting the United States to avoid preparing for trial and permitting the Court

20   to allocate its resources efficiently.

21          11.    **Recommendation Regarding Imprisonment.** Pursuant to Federal Rule of

22   Criminal Procedure 11(c)(1)(B), the parties jointly agree to recommend that the

23   appropriate term of imprisonment to be imposed by the Court at the time of sentencing is

24   a term of 36 months. Defendant understands that this recommendation is not binding on

*[handwritten: total ^]*

25   the Court and the Court may reject the recommendation of the parties and may impose

26   any term of imprisonment up to the statutory maximum penalty authorized by law.

27   Defendant further understands that Defendant cannot withdraw a guilty plea simply

*[handwritten marginal notes: JC, AMG, DR, SW]*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  because of the sentence imposed by the Court. Except as otherwise provided in this Plea

2  Agreement, the parties are free to present arguments regarding any other aspect of

3  sentencing.

4      12.    **Restitution.** Defendant agrees that the Court can order Defendant to pay

5  restitution to the victims of Defendant's crimes and, in exchange for the agreements by

6  the United States contained in this Plea Agreement, Defendant agrees that restitution in

7  this case should not be limited to the offenses of conviction. Defendant is aware that the

8  United States will present evidence supporting an order of restitution for all losses caused

9  by all of Defendant's criminal conduct known to the United States at the time of

10 Defendant's guilty pleas including losses resulting from crimes not charged or admitted

11 by Defendant in the Statement of Facts. Defendant shall make restitution to the Victim

12 Credit Union in the amount of at least $146,068.91, which reflects the amount Defendant's

   *[handwritten: loss]*  *[handwritten: JC amd]*

13 ~~personally obtained~~ in connection with the fraud committed on the following individual

   *[handwritten: role caused]*  *[handwritten: DR SJW]*

14 victims' accounts: B.W., B.P., A.B., G.P., M.J., R.W., K.T., S.D., K.E., and M.F.

15 Defendant understands that: (i) the Government will present evidence to the Court of

16 Defendant's knowledge of, connection to, and/or involvement in fraudulent takeovers of

17 other accounts at the Victim Credit Union during the charged conspiracy, including that

18 all of the personally identifiable information used to access the accounts in this

19 conspiracy came from the same source, and (ii) the Government intends to seek

20 restitution of up to $345,014.51 (which includes the agreed $146,068.91 figure),

21 representing the total amount of losses suffered by the Victim Credit Union. Defendant

22 agrees that the Court can order Defendant to pay restitution to the Victim Credit Union of

23 an amount greater than $146,168.61. In exchange for the promises by the United States

24 contained in this Plea Agreement, Defendant agrees that Defendant will be responsible

25 for any order by the District Court requiring the payment of restitution for such losses.

26      a.    The full amount of restitution shall be due and payable immediately

27 on entry of judgment and shall be paid as quickly as possible. If the Court finds that the

Plea Agreement - 10
*United States v. Dangelo Roberts*, CR24-122-JNW

1  defendant is unable to make immediate restitution in full and sets a payment schedule as

2  contemplated in 18 U.S.C. § 3664(f), Defendant agrees that the Court's schedule

3  represents a minimum payment obligation and does not preclude the U.S. Attorney's

4  Office from pursuing any other means by which to satisfy Defendant's full and

5  immediately-enforceable financial obligation, including, but not limited to, by pursuing

6  assets that come to light only after the district court finds that Defendant is unable to

7  make immediate restitution.

8          b.      Defendant agrees to disclose all assets in which Defendant has any

9  interest or over which Defendant exercises control, directly or indirectly, including those

10 held by a spouse, nominee, or third party. Defendant agrees to cooperate fully with the

11 United States' investigation identifying all property in which Defendant has an interest

12 and with the United States' lawful efforts to enforce prompt payment of the financial

13 obligations to be imposed in connection with this prosecution. Defendant's cooperation

14 obligations are: (1) before sentencing, and no more than 30 days after executing this Plea

15 Agreement, truthfully and completely executing a Financial Disclosure Statement

16 provided by the United States Attorney's Office and signed under penalty of perjury

17 regarding Defendant's and Defendant's spouse's financial circumstances and producing

18 supporting documentation, including tax returns, as requested; (2) providing updates with

19 any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven

20 days of the event giving rise to the changed circumstances; (3) authorizing the United

21 States Attorney's Office to obtain Defendant's credit report before sentencing; (4)

22 providing waivers, consents or releases requested by the U.S. Attorney's Office to access

23 records to verify the financial information; (5) authorizing the U.S. Attorney's Office to

24 inspect and copy all financial documents and information held by the U.S. Probation

25 Office; (6) submitting to an interview regarding Defendant's Financial Statement and

26 supporting documents before sentencing (if requested by the United States Attorney's

27 Office), and fully and truthfully answering questions during such interview; and (7)

Plea Agreement - 11
*United States v. Dangelo Roberts*, CR24-122-JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  notifying the United States Attorney's Office before transferring any interest in property

2  owned directly or indirectly by Defendant, including any interest held or owned in any

3  other name, including all forms of business entities and trusts.

4          c.     The parties acknowledge that voluntary payment of restitution prior

5  to the adjudication of guilt is a factor the Court considers in determining whether

6  Defendant qualifies for acceptance of responsibility pursuant to USSG § 3E1.1(a).

7       13.    **Forfeiture of Assets.** Defendant understands the forfeiture of property is

8  part of the sentence that must be imposed in this case. Defendant agrees to forfeit to the

9  United States immediately all of his right, title, and interest in any property constituting,

10  or derived from, proceeds Defendant obtained directly or indirectly, as the result of the

11  bank-fraud scheme charged in Count 1 of the Indictment. Such property is forfeitable

12  pursuant to Title 18, United States Code, Section 982(a)(2)(A), and includes, but is not

13  limited to a judgment for a sum of money (also known as a forfeiture money judgment) in

14  the amount of $146,068.91, representing the proceeds Defendant obtained from his

15  commission of the bank-fraud scheme charged in Count 1.

16       Defendant understands and acknowledges that any property forfeited will be

17  separate and distinct from any restitution that is ordered in this case. The United States

18  Attorney's Office (the "USAO") agrees, however, that, if Defendant fully satisfies the

19  restitution obligation set forth in paragraph 12, the United States will credit such

20  restitution payments toward the balance of the forfeiture money judgment.

21       Defendant agrees to fully assist the United States in the forfeiture of the above-

22  described property and to take whatever steps are necessary to pass clear title to the

23  United States, including but not limited to: surrendering title and executing any

24  documents necessary to effect forfeiture; assisting in locating the property; assisting in

25  bringing any property located outside the United States within the jurisdiction of the

26  United States; and taking whatever steps are necessary to ensure that property subject to

27  forfeiture is not sold, disbursed, wasted, hidden, or otherwise made unavailable for

1  forfeiture. Defendant agrees not to file a claim to any such property in any federal

2  forfeiture proceeding, administrative or judicial, which may be or has been initiated.

3  Defendant also agrees he will not assist any party who may file a claim to this property in

4  any federal forfeiture proceeding.

5       The United States reserves its right to proceed against any remaining property not

6  identified in this Plea Agreement, including any property in which Defendant has any

7  interest or control, if said assets constitute or derive from proceeds traceable to the bank-

8  fraud scheme charged in Count 1.

9       14.    **Abandonment of Contraband.** Defendant also agrees that, if any federal

10  law enforcement agency seized any illegal contraband that was in Defendant's direct or

11  indirect control, Defendant consents to the federal administrative disposition, official use,

12  and/or destruction of that contraband.

13       15.    **Non-Prosecution of Additional Offenses.** As part of this Plea Agreement,

14  the United States Attorney's Office for the Western District of Washington agrees not to

15  prosecute Defendant for any additional offenses known to it as of the time of this Plea

16  Agreement based upon evidence in its possession at this time, and that arise out of the

17  conduct giving rise to this investigation, and moves to dismiss the remaining counts in

18  the Indictment at the time of sentencing. In this regard, Defendant recognizes the United

19  States Attorney's Office for the Western District of Washington has agreed not to

20  prosecute all of the criminal charges the evidence establishes were committed by

21  Defendant solely because of the promises made by Defendant in this Plea Agreement.

22  Defendant agrees, however, that for purposes of preparing the Presentence Report, the

23  United States Attorney's Office will provide the United States Probation Office with

24  evidence of all conduct committed by Defendant.

25       Defendant agrees that any charges to be dismissed before or at the time of

26  sentencing were substantially justified in light of the evidence available to the United

27  States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant

Plea Agreement - 13
*United States v. Dangelo Roberts*, CR24-122-JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119

2  (1997).

3       16.    **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that, if

4  Defendant breaches this Plea Agreement: (a) the United States may withdraw from this

5  Plea Agreement and Defendant may be prosecuted for all offenses for which the United

6  States has evidence; (b) Defendant will not oppose any steps taken by the United States

7  to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea

8  Agreement; and/or (c) Defendant waives any objection to the re-institution of any charges

9  that previously were dismissed or any additional charges that had not been prosecuted.

10       Defendant further understands that if, after the date of this Plea Agreement,

11  Defendant should engage in illegal conduct, or conduct that violates any conditions of

12  release or the conditions of confinement (examples of which include, but are not limited

13  to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while

14  pending sentencing, and false statements to law enforcement agents, the Pretrial Services

15  Officer, Probation Officer, or Court), the United States is free under this Plea Agreement

16  to file additional charges against Defendant and/or to seek a sentence that takes such

17  conduct into consideration by requesting the Court to apply additional adjustments or

18  enhancements in its Sentencing Guidelines calculations in order to increase the applicable

19  advisory Guidelines range, and/or by seeking an upward departure or variance from the

20  calculated advisory Guidelines range. Under these circumstances, the United States is

21  free to seek such adjustments, enhancements, departures, and/or variances even if

22  otherwise precluded by the terms of the Plea Agreement.

23       17.    **Waiver of Appellate Rights and Rights to Collateral Attacks.** Defendant

24  acknowledges that, by entering the guilty pleas required by this Plea Agreement,

25  Defendant waives all rights to appeal from Defendant's conviction, and any pretrial

26  rulings of the Court, and any rulings of the Court made prior to entry of the judgment of

27  conviction. Defendant further agrees that, provided the Court imposes a custodial

Plea Agreement - 14
*United States v. Dangelo Roberts*, CR24-122-JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  sentence that is within or below the Sentencing Guidelines range (or the statutory

2  mandatory minimum, if greater than the Guidelines range) as determined by the Court at

3  the time of sentencing, Defendant waives to the full extent of the law any right conferred

4  by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the

5  sentence imposed by the Court, including any fine, restitution order, probation or

6  supervised release conditions, or forfeiture order (if applicable). This includes any

7  procedural challenges to the sentence, including any claim that the procedure employed

8  at sentencing violated Defendant's constitutional rights.

9         Defendant also agrees that, by entering the guilty pleas required by this Plea

10 Agreement, Defendant waives any right to bring a collateral attack against the conviction

11 and sentence, including any restitution order imposed, except as it may relate to the

12 effectiveness of legal representation or a claim of prosecutorial misconduct based on facts

13 unknown or not reasonably discoverable prior to entry of the judgment of conviction.

14        Defendant acknowledges that certain claims, including certain claims for

15 prosecutorial misconduct, will be barred by operation of law by virtue of their guilty plea,

16 independently from this Plea Agreement. This waiver does not preclude Defendant from

17 bringing an appropriate motion to address the conditions of Defendant's confinement or

18 the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.

19        If Defendant breaches this Plea Agreement at any time by appealing or collaterally

20 attacking (except as to claims not subject to the waiver, above) the conviction or sentence

21 in any way, the United States may prosecute Defendant for any counts, including those

22 with mandatory minimum sentences, that were dismissed or not charged pursuant to this

23 Plea Agreement.

24        18.    **Voluntariness of Plea.** Defendant agrees that Defendant has entered into

25 this Plea Agreement freely and voluntarily, and that no threats or promises were made to

26 induce Defendant to enter a plea of guilty other than the promises contained in this Plea

27 Agreement or set forth on the record at the change of plea hearing in this matter.

Plea Agreement - 15
*United States v. Dangelo Roberts*, CR24-122-JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

19. **Statute of Limitations.** In the event this Plea Agreement is not accepted by the Court for any reason, or Defendant breaches any of the terms of this Plea Agreement, or Defendant withdraws from this Plea Agreement after it has been accepted by the Court, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) thirty days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office; or (3) thirty days following the grant of a motion to withdraw from the Plea Agreement.

//

//

//

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

20.     **Completeness of Plea Agreement.** The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties, except as may be set forth on the record at the change of plea hearing in this matter. This Plea Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 30th day of May, 2025.

X DR
_____
DANGELO ROBERTS
Defendant

_____
JESSE CANTOR
Attorney for Defendant

_____
AMY JAQUETTE
*for* Assistant United States Attorney

_____
JESSICA M. LY
Special Assistant United States Attorney

Plea Agreement - 17
*United States v. Dangelo Roberts*, CR24-122-JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970