THE HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR24-122-JNW |
| Plaintiff, | ) | |
| v. | ) | DEFENSE RESTITUTION MEMORANDUM |
| DANGELO ROBERTS, | ) | |
| Defendant. | ) | |

D'Angelo Roberts, through counsel, presents this restitution memorandum in support of the defense recommendation that $146,048.91 in restitution should be ordered. This figure further represents the economic loss attributed to Mr. Roberts' relevant offense conduct as discussed below.

I.     ECONOMIC LOSS ATTRIBUTED TO D'ANGELO ROBERTS

Exhibit 1 is a spreadsheet that tabulates the economic losses associated with Mr. Roberts' offense conduct. The losses involve ten victims in addition to his association with co-defendants Bridges, Frazier, and McQueen. Ex. 1. As stipulated in the plea agreement, Mr. Roberts conspired with Bridges, McQueen, and Frazier to withdraw money from victim credit union accounts using personal identifier information obtained by co-defendant Ford. The spreadsheet tabulates these withdrawals that are associated with Mr. Roberts and the co-defendants he associated with.

DEFENSE RESTITUTION MEMORANDUM
(*United States v. Roberts*, CR24-122-JNW) - 1

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, WA 98101
(206) 553-1100

The loss amount tabulated in Exhibit 1 supports the correct loss amount that Mr. Roberts should be responsible for because it covers the scope of his relevant offense conduct in the bank fraud scheme. In fact, the loss amounts tied to Bridges, Frazier, and McQueen for sentencing purposes are the same amounts that are tabulated in their respective spreadsheet totals. Specifically, the loss amount for Bridges is $112,578.68, which covers all losses associated with his relevant offense conduct. Ex. 2. The loss amount for Frazier is $23,505.01, which covers all losses associated with her relevant offense conduct. Ex. 3. And the loss amount for McQueen is $66,395.22, which covers all losses associated with his relevant offense conduct. Ex. 4. In none of these other cases is the government arguing for losses that exceed what is reflected in the respective spreadsheets prepared by the case agents. Instead, the government is agreeing that with respect to these defendants, with the exception of Mr. Roberts, the losses should reflect the total withdrawals associated with each respective defendant. Mr. Roberts should be treated no differently.

Unlike co-defendant Ford, Mr. Roberts did not steal any personal identifier information from customers and then distribute that information to a wide range of individuals, some of whom were never indicted. Instead, Mr. Roberts received PII and coordinated with others to make withdrawals, which were tabulated by the case agent in Exhibit 1. Similar to how the government is treating Bridges, Frazier, and McQueen, this Court should similarly find that the correct loss amount for Mr. Roberts is the figure represented in Exhibit 1. To do otherwise would create a disparity in calculating the guidelines since Bridges, Frazier, and McQueen also were convicted of Conspiracy but are only being held accountable for the losses associated with their respective offense conduct. Accordingly, the correct and fair loss amount attributable to Mr. Roberts is $146,068.91.

DEFENSE RESTITUTION MEMORANDUM
(*United States v. Roberts*, CR24-122-JNW) - 2

**FEDERAL PUBLIC DEFENDER**
1601 Fifth Avenue, Suite 700
Seattle, WA 98101
(206) 553-1100

## II. RESTITUTION

Thus far, this Court has ordered restitution in the amounts of $112,578.68 for co-defendant Bridges and $23,505.00 for co-defendant Frazier. Dkts. 142, 166. Co-defendant McQueen has yet to be sentenced, however the parties agree that restitution should be set at $66,395.22. Dkt. 170.

The Government is treating Mr. Roberts differently by asking for restitution that would reflect all losses caused by the conspiracy, including losses that go beyond the scope of Mr. Roberts' offense conduct. In seeking a total of $345,014.51 in restitution, the government cites *United States v. Dadyan*, 76 F.4th 955, 958 (9th Cir. 2023) to support its position that full restitution should be ordered to reflect "the full amount of loss that the entire conspiracy caused." However, this is not how the Court has justified restitution for the other co-defendants that have been sentenced after pleading guilty to Count 1 of the indictment (Conspiracy to Commit Bank Fraud).

The statutory authority for imposing restitution from a scheme involving multiple defendants is 18 U.S.C. § 3664(h):

> If the court finds that more than 1 defendant has contributed to the loss of a victim, the court ***may*** make each defendant liable for payment of the full amount of restitution or ***may*** apportion liability among the defendants to reflect the level of contribution to the victim's loss and economic circumstances of each defendant.

(Emphasis added). This court did not hold Bridges and Frazier liable for the "full amount" of restitution and instead imposed a restitution amount reflective of their relevant offense conduct. Although these co-defendants pled guilty to Conspiracy, Section 3664(h) does not require the sentencing court to impose the maximum amount for each co-conspirator notwithstanding the total economic losses associated with the conspiracy. In the interests of proportionality and avoiding unwarranted disparities, this Court should similarly impose a restitution amount that reflects the losses of

DEFENSE RESTITUTION MEMORANDUM
(*United States v. Roberts*, CR24-122-JNW) - 3

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, WA 98101
(206) 553-1100

Mr. Roberts' relevant offense conduct just as this Court did with co-defendants Bridges and Frazier.

**III.     CONCLUSION**

For these reasons, and as further presented at the sentencing hearing, the correct economic loss and restitution amount for Mr. Roberts is $146,068.91.

DATED this 4th day of November 2025.

Respectfully submitted,

s/ *Jesse Cantor*
Assistant Federal Public Defender
Attorney for D'angelo Roberts

DEFENSE RESTITUTION MEMORANDUM
(*United States v. Roberts*, CR24-122-JNW) - 4

**FEDERAL PUBLIC DEFENDER**
1601 Fifth Avenue, Suite 700
Seattle, WA 98101
(206) 553-1100